IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 1:09CR5450-JMR

RURAL SCOTT a/k/a L.B.,
MICHAEL BRYANT a/k/a Twin,
MARY NAFZIGER,
ERIC WITHERWAX,
TAMMIE STEELE a/k/a Tammie Abbott,
DONALD RYDELL, and
RUSSELL BROWN

18 U.S.C. § 1349
18 U.S.C. § 1344
18 U.S.C. § 1028A

The Grand Jury charges:

## COUNT 1

That beginning in or about September 2007, the exact beginning date being unknown, and continuing through the date of this indictment, in Jackson County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, RURAL SCOTT a/k/a L.B., MICHAEL BRYANT a/k/a Twin, MARY NAFZIGER, ERIC WITHERWAX, TAMMIE STEELE a/k/a Tammie Abbott, DONALD RYDELL and RUSSELL BROWN, and others known and unknown to the Grand Jury, did knowingly and unlawfully conspire and agree together with each other and with others known and unknown to the Grand Jury, to commit the following offenses against the United States:

(1) to execute or attempt to execute a scheme and artifice to defraud a financial institution, whose deposits were insured by the Federal Deposit Insurance Corporation or whose

accounts were insured by the National Credit Union Share Insurance Fund, as prohibited by Section 1344(1), Title 18, United States Code; and

(2) to execute or attempt to execute a scheme and artifice to obtain moneys and funds under the control of a financial institution, whose deposits were insured by the Federal Deposit Insurance Corporation or whose accounts were insured by the National Credit Union Share Insurance Fund, by means of false or fraudulent pretenses or representations, as prohibited by Section 1344(2), Title 18, United States Code.

## Manner and Means

a) It was part of the conspiracy that defendants would utilize false names or another's identity to obtain money by false and fraudulent pretenses, representations and promises.

b) It was further a part of the conspiracy that defendants would present checks to various banks knowing the checks were stolen.

c) It was further a part of the conspiracy that defendants would conceal, misrepresent and hide the existence, purpose and acts done in furtherance of the conspiracy, continuing up to and through the date of the indictment.

d) It was further a part of the conspiracy that defendants would utilize alias names for the purpose of executing or negotiating the checks.

e) It was further an object of the conspiracy to obtain money by presenting stolen and forged checks through the use of stolen means of identification.

## The Scheme

f) It was further a part of the conspiracy that members of the conspiracy-known as "Felony Lane Gang"(FLG)-would break in to parked vehicles for the purpose of stealing purses and wallets from female victims. The vehicle break-ins allowed members of the conspiracy to

obtain blank checks bearing the victim's name and account number, as well as various forms of identification to include driver's license and credit cards. These break-ins occurred both inside and outside the Southern District of Mississippi.

g) Once the members of the conspiracy had obtained the checks and means of identification, they recruited females to pose as account holders and attempt to cash the stolen checks. The checks would be made payable in the names of female victims whose driver's licenses had been stolen in the course of the conspiracy. These checks would be presented for cash by a female recruit.

h) Members of the conspiracy directed others to rent vehicles to be used for travel between jurisdictions for the purpose of cashing stolen checks. In addition, the vehicles were rented and provided to female recruits in order to facilitate the fraudulent bank transactions.

i) The female recruits were then provided with stolen and forged checks, as well as a stolen driver's license and second form of identification. Thereafter, the female recruits were directed to use drive-through lanes at banks and, specifically, to conduct the transaction in the lane farthest from the teller window, also referred to as the "felony lane."

j) During the transactions the recruits would often be in cell phone contact with a more experienced male member of the conspiracy who would be in a separate vehicle in the general vicinity.

k) Upon completion of the transaction, the female recruit would provide the proceeds to other members of the conspiracy. The female recruits would receive a small percentage of the overall funds.

l) In furtherance of the scheme and conspiracy, members stole varying combinations of checks, identifications, and credit cards from numerous victims. Stolen and forged checks were

presented at various financial institutions within the Southern District of Mississippi, including but not limited to Hancock Bank, Chase Bank and Capitol One.

m) In furtherance of the scheme and conspiracy as set out above, members of the conspiracy attempted a substantial amount of fraudulent bank transactions, resulting in actual losses of not less than $47,000.00.

All in violation of Section 1349, Title 18, United States Code.

## COUNTS 2 - 17

The allegations in paragraphs (a) through (m) of Count 1 are realleged and incorporated herein by reference. On or about the dates listed below, in Jackson County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, **RURAL SCOTT a/k/a L.B., MICHAEL BRYANT a/k/a Twin, MARY NAFZIGER, and TAMMIE STEELE a/k/a Tammie Abbott**, did knowingly make or attempt, or aid, abet, counsel, command, or induce another to make or attempt, with the intent to defraud, a scheme or artifice to defraud financial institutions, whose deposits were insured by the Federal Deposit Insurance Corporation or whose accounts were insured by the National Credit Union Share Insurance Fund, and to obtain money within the custody and control of said financial institutions by means of false or fraudulent pretenses and representations, as to each defendant's counts specified below:

| COUNT | Date of Check | Defendant(s) | Account Holder | Check No. | Amount | Financial Institution Where Cashed |
|---|---|---|---|---|---|---|
| 2 | 9/7/07 | NAFZIGER | L.R. and C.R. | 621 | $1,000.00 | Hancock Bank |

| COUNT | Date of Check | Defendant(s) | Account Holder | Check No. | Amount | Financial Institution Where Cashed |
|---|---|---|---|---|---|---|
| 3 | 9/7/07 | NAFZIGER | L.R. and C.R. | 622 | $1,000.00 | Hancock Bank |
| 4 | 9/7/07 | NAFZIGER and BRYANT | D.B. | 3139 | $1,000.00 | Hancock Bank |
| 5 | 9/7/07 | NAFZIGER and BRYANT | D.B. | 3140 | $1,000.00 | Hancock Bank |
| 6 | 9/7/07 | NAFZIGER and SCOTT | D.F. | 1163 | $1,000.00 | Hancock Bank |
| 7 | 9/7/07 | NAFZIGER and BRYANT | D.F. | 1164 | $1,000.00 | Hancock Bank |
| 8 | 9/7/07 | NAFZIGER and SCOTT | S.M. | 3993 | $1,000.00 | Hancock Bank |
| 9 | 9/10/07 | NAFZIGER | L.R. and C.R. | 623 | $1,000.00 | Hancock Bank |
| 10 | 9/15/07 | NAFZIGER and SCOTT | A.F. and M.F. | 4045 | $1,000.00 | Hancock Bank |
| 11 | 9/15/07 | NAFZIGER and SCOTT | D.G. | 554 | $1,000.00 | Hancock Bank |
| 12 | 9/15/07 | NAFZIGER and SCOTT | D.G. | 556 | $1,000.00 | Hancock Bank |
| 13 | 10/1/07 | STEELE | C.L. | 689 | $1,800.00 | Capitol One |
| 14 | 10/1/07 | STEELE | M.S. | 139 | $1,500.00 | Chase Bank |
| 15 | 10/1/07 | STEELE | M.S. | 1180 | $2,000.00 | Chase Bank |
| 16 | 10/1/07 | STEELE | D.M. | 3146 | $1,800.00 | Capitol One |

| COUNT | Date of Check | Defendant(s) | Account Holder | Check No. | Amount | Financial Institution Where Cashed |
|---|---|---|---|---|---|---|
| 17 | 10/6/07 | STEELE | M.S. | 153 | $2,000.00 | Chase Bank |

All in violation of Sections 1344 and 2, Title 18, United States Code.

## COUNTS 18 - 29

The allegations in paragraphs (a) through (m) of Count 1 are realleged and incorporated herein by reference. On or about the dates listed below, in Jackson County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, RURAL SCOTT a/k/a L.B., MICHAEL BRYANT a/k/a Twin, MARY NAFZIGER, and TAMMIE STEELE a/k/a Tammie Abbott, did knowingly transfer, possess and use, or aid, abet, counsel command, or induce another to transfer, possess and use, without lawful authority, a means of identification of another person, as alleged below, during and in relation to a violation of Sections 1349 and 1344, Title 18, United States Code, to wit, conspiracy to commit bank fraud and bank fraud, as to each defendant's counts specified below:

| COUNT | Date ID Used | Defendant(s) | Check No. | Means of Identification Used | Belonging to Another Person | Location Where ID Used |
|---|---|---|---|---|---|---|
| 18 | 9/11/07 | NAFZIGER | 621 | Name; Mississippi Driver's License (MS-DL); Social Security No. (SSN) | G.S. | Hancock Bank |

| COUNT | Date ID Used | Defendant(s) | Check No. | Means of Identification Used | Belonging to Another Person | Location Where ID Used |
|---|---|---|---|---|---|---|
| 19 | 9/11/07 | NAFZIGER | 622 | Name; SSN | G.S. | Hancock Bank |
| 20 | 9/11/07 | NAFZIGER | 623 | Name; MS-DL; SSN | G.S. | Hancock Bank |
| 21 | 9/10/07 | NAFZIGER and BRYANT | 3139 | Name; SSN | G.S. | Hancock Bank |
| 22 | 9/10/07 | NAFZIGER and BRYANT | 3140 | Name; Date of Birth (DOB); MS-DL; SSN | G.S. | Hancock Bank |
| 23 | 9/10/07 | NAFZIGER and SCOTT | 1163 | Name; SSN | G.S. | Hancock Bank |
| 24 | 9/10/07 | NAFZIGER and BRYANT | 1164 | Name; DOB; MS-DL; SSN | G.S. | Hancock Bank |
| 25 | 9/11/07 | NAFZIGER and SCOTT | 3993 | Name; SSN | G.S. | Hancock Bank |
| 26 | 9/20/07 | NAFZIGER and SCOTT | 4045 | Name; MS-DL; SSN | W.R. | Hancock Bank |
| 27 | 9/18/07 | NAFZIGER and SCOTT | 554 | Name, MS-DL; SSN | V.C. | Hancock Bank |
| 28 | 9/18/07 | NAFZIGER and SCOTT | 556 | Name, MS-DL; SSN | V.C. | Hancock Bank |
| 29 | 10/3/07 | STEELE | 1180 | Name; SSN | D.M. | Capitol One |

All in violation of Sections 1028A and 2, Title 18, United States Code.

## NOTICE OF FORFEITURE

1. The allegations contained in Counts 2 through 17 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Section

982(a)(2)(A), Title 18, United States Code.

2. Upon conviction of the offenses in violation of Section 1344, Title 18, United States Code, set forth in Counts 2 through 17 of this Indictment, the defendants, RURAL SCOTT a/k/a L.B., MICHAEL BRYANT a/k/a Twin, MARY NAFZIGER, ERIC WITHERWAX, TAMMIE STEELE a/k/a Tammie Abbott, DONALD RYDELL and RUSSELL BROWN, shall forfeit to the United States of America, pursuant to Section 982(a)(2)(A), Title 18, United States Code, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s).

3. The allegations contained in Counts 18 through 29 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Sections 982(a)(2)(B) and 1028(b)(5), Title 18, United States Code.

4. Upon conviction of the offenses in violation of Section 1028, Title 18, United States Code, set forth in Counts 18 through 29 of this Indictment, the defendants, RURAL SCOTT a/k/a L.B., MICHAEL BRYANT a/k/a Twin, MARY NAFZIGER, ERIC WITHERWAX, TAMMIE STEELE a/k/a Tammie Abbott, DONALD RYDELL and RUSSELL BROWN, shall forfeit to the United States of America, pursuant to Section 982(a)(2)(B), Title 18, United States Code, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s), and pursuant to Section 1028(b)(5), Title 18, United States Code, any personal property used or intended to be used to commit the offenses. The property to be forfeited includes, but is not limited to:

### MONEY JUDGMENT

A sum of money equal to $47,000.00 in United States currency, representing the amount of proceeds obtained as a result of the said offenses, for which the defendants are jointly and

severally liable.

5. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Section 853(p), Title 21, United States Code, as incorporated by Sections 982(b)(1) and 1028(g), Title 18, United States Code, and Section 2461(c), Title 28, United States Code.

All pursuant to Sections 982(a)(2)(A)(B) & 1028(b)(5), Title 18, United States Code, and Section 2461(c), Title 28, United States Code.

*[signature]*
DUNN LAMPTON
United States Attorney

A TRUE BILL:

*[signature]*
Foreperson of the Grand Jury

# UNITED STATES DISTRICT COURT

SOUTHERN District of MISSISSIPPI

UNITED STATES OF AMERICA

V.

MICHAEL BRYANT A/K/A TWIN

## WARRANT FOR ARREST

Case Number: 1:09cr5HSO-JMR

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest __MICHAEL BRYANT A/K/A TWIN, wherever found__
Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

X Indictment    Information    Complaint    Order of court

Pretrial Release    Probation    Supervised Release    Violation Notice
Violation Petition    Violation Petition    Violation

charging him or her with (brief description of offense)
18:1349    Conspiracy to commit bank fraud
18:1344    Bank fraud
18:1028A   Aggravated identity theft

X in violation of Title __18__ United States Code, Section(s) __1349, 1344, 1028A__

☐ in violation of the conditions of his or her pretrial release imposed by the court.

☐ in violation of the conditions of his or her supervision imposed by the court.

J. T. NOBLIN
Name of Issuing Officer

Signature of Issuing Officer

CLERK, U. S. DISTRICT COURT
Title of Issuing Officer

January 23, 2009   Gulfport, Mississippi
Date and Location

## RETURN

This warrant was received and executed with the arrest of the above-named individual at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |